FILED
SEP - 5 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGEL WILLIAMS,<br><br>                            Petitioner,<br>v.<br>D. ADAMS, Warden,<br><br>                            Respondent. | CASE NO. 05cv2189-WQH (LSP)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

HAYES, Judge:

　　The matter before the Court is the review of the Report and Recommendation (Doc. No. 13) filed on March 20, 2006 by the Honorable Leo S. Papas, United States Magistrate Judge.

　　On November 17, 2005, Petitioner Virgel Williams ("Petitioner"), a California state prisoner proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for possession of a deadly weapon in jail. (Doc. No.1.) Petitioner contends that he received ineffective assistance of counsel because his trial counsel failed to investigate the background of jail personnel who testified against him, and was therefore unable to challenge the credibility of those witnesses. (Attach. to Pet. at 2-6.) Derral Adams, the Warden of the institution where Petitioner is confined ("Respondent"), has filed a Motion to Dismiss the Petition on the grounds that it was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. No. 5.) On March 20, 2006, Magistrate Judge Papas issued a Report and Recommendation advising that the Court grant

Respondent's Motion to Dismiss and enter judgment dismissing Petitioner's Writ of Habeas Corpus. (Doc. No. 13.) The parties were permitted to file objections to the Report and Recommendation no later than April 17, 2006. Petitioner filed Objections to the Report and Recommendation. (Doc. No. 15.)

## BACKGROUND

On July 20, 2001, Virgel Williams was convicted of possession of a deadly weapon in jail. (Lodgment No. 1.) Petitioner appealed, and the appellate court affirmed the conviction in an unpublished opinion on November 14, 2002. *Id.* The appellate court issued an order modifying that opinion on December 10, 2002, which made a minor modification in the language of the opinion, but did not change the judgment. (Lodgment No. 2.)

On January 5, 2003, Petitioner filed a habeas petition in the state superior court.[1] (Lodgment Nos. 3, 10). The petition was denied in a written order filed April 4, 2003, on the basis that the claims presented had already been raised and rejected by the appellate court on direct appeal. (Lodgment No. 4, *In re Williams*, No. HCN0684/SCN121313, slip op. at 2 (S.D. Sup. Ct. Apr. 4, 2003).) On August 8, 2003, Petitioner filed a habeas petition in the state appellate court. (Lodgment No. 5.) The appellate court denied the petition in a written opinion filed on September 15, 2003, on the basis that the claims presented had already been raised and rejected on direct appeal. (Lodgment No. 6, *In re Williams*, No. D042724, slip op. at 1-2 (Cal. Ct. App. Sept. 15, 2003).) On November 11, 2003, Petitioner filed a habeas petition in the state supreme court. (Lodgment No. 7.) That petition was denied by an order filed September 22, 2004. (Lodgment No. 8.)

Petitioner filed the instant federal Petition on November 17, 2005. (Doc. No. 1.) On January 19, 2006, Respondent filed a Motion to Dismiss the Petition on the grounds that it was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. No. 5.) On March 20, 2006, Magistrate Judge Leo S. Papas issued a Report and Recommendation

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" in determining the filing date of each pro se petition, which is the date the petition was presented to the prison authorities for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). That date is the date of filing used throughout this Order.

recommending that the Court grant respondent's Motion to Dismiss for failing to file his Petition for Habeas Corpus within the one-year statute of limitations and because the Petitioner is not entitled to equitable tolling. (Doc. No. 13.)

## STANDARD OF REVIEW

The duties of the district court in connection with a Magistrate Judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

When no objections are filed, the district court may assume the correctness of the Magistrate Judge's factual findings and decide the motion on the applicable law. *See Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974). Petitioner, as noted, has filed Objections to the Report and Recommendation (Doc. No. 15). Accordingly, the Court will conduct *de novo* review of factual findings to which there is an objection, as well as conclusions of law. The correctness of the undisputed factual background in the Report and Recommendation is assumed.

## DISCUSSION

**A.  The Magistrate Judge Correctly Concluded that Even With Statutory Tolling, the Petition was Still Filed 66 Days Past the Expiration of the One-Year Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). The one-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, or from other events not applicable to the instant matter. *Id.* "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

1  under [the AEDPA]." 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled
2  from the time a final decision is issued on direct state appeal and the time the first state
3  collateral challenge is filed because there is no case pending during that interval. *Nino v.*
4  *Galaza*, 183 F.3d 1003 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000).

5  A California court of appeal decision, including an order dismissing an appeal
6  involuntarily, is final in that court 30 days after filing. Cal. Rules of Court 24(b)(1) (West
7  2005). A petition for review to the California Supreme Court must be served and filed within
8  ten days after the Court of Appeal decision is final in that court under Rule 24. Cal. Rules of
9  Court 28(e)(1) (West 2005). A modification that does not change the appellate judgment does
10 not extend the finality date of the decision. Cal. Rules of Court 24(c)(2) (West 2005).

11 The California appellate court filed Williams' opinion on November 10, 2002. Thirty
12 days later, on December 14, 2002, the decision was final in the California court system.
13 December 24, 2002, ten days after the California appellate decision was finalized, was the last
14 day that the Petitioner could appeal the decision to the California Supreme Court. Because
15 the appellate court's modification on December 10, 2002, did not change the judgment,
16 November 10, 2002, remains the date from which the judgment is considered filed. *See* Cal.
17 Rules of Court 24(c). Thus, the statute of limitations began to run on December 25, 2002, the
18 day after Petitioner's conviction became final. Respondent contends that even if Petitioner was
19 entitled to statutory tolling from the date Petitioner alleges that he mailed his habeas petition
20 to the superior court, January 5, 2003, until the date the California Supreme Court denied his
21 habeas petition, September 22, 2004, the instant Petition is still untimely by more than two
22 months. (*Id.* at 8.) Respondent argues that the latest the limitations period began to run was
23 the day after the California Supreme Court order was filed, and that it expired 354 days later,
24 sixty-six days before Petitioner filed the present Petition on November 17, 2005. (*Id.*)

25 In response, Petitioner argues that he had fifteen months, in addition to statutory tolling,
26 to submit his habeas Petition to federal court. (Opp. Mem. 1.) Petitioner believes that, in
27 addition to the one year given under the AEDPA statute of limitations, he is, under United
28 States S. Ct. R. 13.1, entitled to ninety days tolling to submit a writ of certiorari for

discretionary review of an intermediate state appellate court decision by a state court of last resort. (*Id.* at 2.) S. Ct. R. 13.1 states in part that "a petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." S. Ct. R. 13.1. Petitioner additionally cites Ninth Circuit precedent that "the period of direct review in 28 U.S.C.§ 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." (Opp Mem. 1 (quoting *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)).) Petitioner states that he used twelve days between the time the state appellate court affirmed his conviction on direct review and the time Petitioner submitted his first habeas petition to the California superior court. *Id.* at 2. However, Petitioner argues that, due to the ninety day period to submit a writ of certiorari, along with the AEDPA one-year statute of limitations, he still had 443 days left following the statutory tolling that allegedly occurred from January 5, 2003 through September 22, 2004. (*Id.*) As a result, Petitioner contends that his federal petition filed on November 17, 2005, was filed ten days before the statute of limitations expired. (*Id.* at 1.)

Magistrate Judge Papas correctly found that where no petition for review is filed in the California Supreme Court following direct review in the intermediate appellate court, the conviction becomes final, within the meaning of section 2244(d)(1)(A), on the last day the defendant could seek review of the appellate court opinion in the state supreme court, which is forty days after the appellate court filed its opinion, unless that day is a holiday. (Report and Recommendation 5-6) (citing *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002)). Consequently, Judge Papas found that December 24th, 2002 was the fortieth day after the appellate court filed its opinion, and the last day Petitioner could have timely filed a petition for review in the state supreme court. (*Id.* at 6.) Magistrate Judge Papas correctly held that Petitioner was not entitled to a ninety day period to seek a writ of certiorari from the United States Supreme Court because Petitioner failed to petition to the California Supreme Court following direct review in the intermediate appellate court. (*Id.* at 5.) Petitioner's conviction

was therefore final on December 24, 2002, and the one-year statute of limitations began to run on the next day, December 25, 2002. (*Id.* (citing *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that the statute of limitations set forth in section 2244(d) shall be calculated according to Fed. R. Civ. P. 6(a), which provides that the day of the event from which the designated period of time begins to run shall not be included).)

Due to Petitioner's subsequent habeas petition and appeals in state court beginning January 5, 2003, Magistrate Judge Papas held that Petitioner was entitled to statutory tolling from January 5, 2003 until September 22, 2004, the date the California Supreme Court denied his final habeas petition. (*Id.* at 11.) Magistrate Judge Papas calculated that Petitioner had one year, minus the eleven days from December 25, 2002 and January 5, 2003, from September 22, 2004 to file the instant Petition in federal court. (*Id.* at 7.) As a result, Magistrate Judge Papas found that, absent equitable tolling, the last day Petitioner could have timely filed a federal petition would have been September 12, 2005. (*Id.*) Because Petitioner filed the instant Petition on November 17, 2005, Magistrate Judge Papas held that it was filed sixty-six days late. (*Id.*)

In his Objections to the Report and Recommendation, Petitioner contends that because the California Supreme Court may, on its own motion, order review of a Court of Appeal decision, he did not need to seek direct review of his state conviction with the California Supreme Court in order to be entitled to the same ninety day tolling period given to state prisoners by S. Ct. R. 13.1 who do seek direct review with the California Supreme Court. (Petr's Obj. 3.) Petitioner contends that "it makes perfect sense for a reasonable person such as Petitioner to believe that in order to achieve review by the California Supreme Court he could rely on the California Supreme Court to order such a review on its own motion." (Id. at 3.)

When a petitioner does not seek review in the state supreme court of the appellate court's opinion affirming his conviction, the conviction becomes final forty days after the state appellate court filed its opinion. *See Smith,* 297 F.3d at 813 (holding that where no petition for review is filed in the California Supreme Court following direct review in the lower

appellate court, the conviction becomes final, within the meaning of section 2244(d)(1)(A), on the last day the defendant could seek review of the appellate court opinion in the state supreme court). Because Petitioner did not seek direct review of the appellate court decision in the California Supreme Court, he is not entitled to the ninety day tolling period given to petitioners to appeal to the United States Supreme Court. *See Smith*, 297 F.3d at 813. When the California Supreme Court chooses not to exercise its discretionary appellate powers to consider the intermediate appellate court's ruling *sua sponte*, and the Petitioner does not seek such review by the California Supreme Court, the date on which the judgment becomes final under the AEDPA is not affected.

Magistrate Judge Papas correctly concluded that, absent equitable tolling, the Petition was sixty-six days late.

### B. The Magistrate Judge Correctly Concluded that Petitioner was not Entitled to Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling is "unavailable in most cases," and is appropriate only "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted) (emphasis in original). "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* However, under certain circumstances, the unavailability of AEDPA in prison law libraries might provide grounds for equitable tolling of the one year statute of limitations period. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). The petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him. *Id.*

Respondent contends that Petitioner has not met the burden of demonstrating that

equitable tolling should apply to him. (Mot. to Dismiss Mem. 8.) Respondent argues "that nothing in the present record indicates circumstances beyond Petitioner's control made it impossible for him to file the Petition within the one-year limitations period." (*Id.*)

Petitioner argues that he is entitled to equitable tolling due to deficiencies in the law libraries at both Lancaster State Prison and the Substance Abuse Treatment Facility. (Opp. Mem. 6.) Petitioner claims that the California prisons are required to keep their law libraries updated and that "the ninth circuit has found the need for equitable tolling where prison law libraries are not stocked with appropriate materials concerning issues involving the AEDPA." (*Id.* at 7 (citing *Whalem/Hunt* 233 F.3d at 1148).)

In *Whalem/Hunt*, the petitioner allowed more than a year to elapse before he filed his first state petition for post-conviction relief. *Whalem/Hunt*, 233 F.3d at 1147. In response to a motion to dismiss for allowing the statute of limitations to expire, the petitioner argued that he had no knowledge of the existence of the one-year statute of limitations set forth in the AEDPA. *Id.* at 1148. The AEDPA had become effective on the same day the California Supreme Court denied petiitioner's petition for review on direct appeal, and the prison law library had no materials describing AEDPA, until after his one-year statute of limitations period had expired. The Ninth Circuit held that under some circumstances, the lack of available materials on the AEDPA could potentially be deemed an "impediment" under § 2244(d)(1)(B) or necessitate equitable tolling. *Id.*

Magistrate Judge Papas distinguished the instant Petition from *Whalem/Hunt* because Petitioner does not state that he was unaware of the statute of limitations or other provisions of the AEDPA, or demonstrate that such a lack of knowledge was the proximate cause of his failure to timely file his federal petition. (Report and Recommendation 14.) Unlike *Whalem/Hunt*, where the petitioner did not have a chance to learn of the AEDPA changes, since they had become law only three months prior to the petitioner's conviction, in the instant case, the AEDPA had been the law for over six years at the time the statute of limitations began to run on Petitioner's federal claims. (*Id.* at 15.) Magistrate Judge Papas further found that any alleged deficiencies in the prison library were not the causal basis for Petitioner's

untimely federal Petition. (*Id.* at 14-15.) Magistrate Judge Papas found that the law library contained numerous cases describing and interpreting the AEDPA, and that Petitioner was familiar with its timeliness requirements, as demonstrated by his citations to *Wixom*, 264 F.3d at 894, and 28 U.S.C. § 2244(d)(1)(A) in the instant federal Petition. Magistrate Judge Papas concluded that the proximate cause of Petitioner's untimeliness was a lack of diligence in waiting over one year after the conclusion of the state post-conviction collateral review process before filing his federal Petition due to an incorrect calculation of the statute of limitations.

In his Objections to the Report and Recommendation, Petitioner argues that it is less important whether or not he was specifically unaware of the statute of limitations, but rather whether he was able to understand the general procedural "ins and outs of the AEDPA." (Pet'r Obj. at 7.) To this end, Petitioner sets forth a list of legal materials that are not available, but Petitioner feels need to be available, to litigate federal habeas corpus claims. (*Id.* at 5-6) This list of missing books is described in a declaration by Troy Anthony Rhodes, a volunteer law clerk at Corcoran State Prison. (Rhodes Decl. 1-2.) Petitioner claims that specific materials relating to the AEDPA are out of date as parts of both 28 U.S.C. § 2254 and 28 U.S.C. § 2244 predate the AEDPA and Pocket Parts are missing from the United States Code Annotated. (Pet'r Obj. 7.) As such, Petitioner alleges that the circumstances constitute an extraordinary circumstance beyond Petitioner's control, which would be cause for equitable tolling under *Whalem/Hunt*, 233 F.3d at 1148. (*Id.*)

Petitioner's stated reasons for failing to adhere to the AEDPA statute of limitations do not justify his untimely filing. As Magistrate Judge Papas correctly found, Petitioner's case is distinguished from *Whalem/Hunt* because there is evidence that Petitioner knew of the AEDPA's one-year statute of limitations requirement but simply miscalculated or otherwise failed to take appropriate action. Petitioner's Objections also fail to set forth any reason for the Court to overturn Magistrate Judge Papas' determination that there was no causal relationship between the alleged library deficiencies and Petitioner's failure to file the instant Petition on time. Therefore, the Court finds that Petitioner has not demonstrated the extraordinary circumstances necessary to justify equitable tolling.

## CONCLUSION

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS IN ITS ENTIRETY** the Report and Recommendation filed on March 20, 2006 (doc. # 13). Respondent's Motion to Dismiss (Doc. No. 5) is **GRANTED**, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** as untimely.

**IT IS SO ORDERED.**

Dated: 9/5/06        Signed: [signature]

HON. WILLIAM Q. HAYES
United States District Judge

cc: Magistrate Judge Leo S. Papas
    All Counsel of Record